Frank Basil McFARLAND,
Petitioner–Appellant,

v.

James A. COLLINS, Director Texas Department of Criminal Justice, Institutional Division, Respondent–Appellee.

No. 93–1956.

United States Court of Appeals,
Fifth Circuit.

Oct. 26, 1993.

Mandy Welch, Texas Resource Center, Houston, TX and Danny Burns, Fort Worth, TX, for petitioner-appellant.

Dan Morales, Atty. Gen. and Andrea March, Asst. Atty. Gen., Austin, TX, for respondent-appellee.

Before DAVIS, JONES, and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:

Considering the State's waiver of the requirement of exhaustion as to the issue raised by Petitioner's habeas petition filed with the district court, and State's lack of objection to a stay of execution, Petitioner's execution scheduled for October 27, 1993 is hereby stayed pending further orders of this court.

EDITH H. JONES, Circuit Judge, dissents from this order granting stay and assigns written responses.

EDITH H. JONES, Circuit Judge, dissenting:

Pending before us as of 11:00 p.m. Tuesday evening, October 26, 1993, was an application for certificate of probable cause and motion for stay of execution based on the district court's denial of habeas corpus relief to capital murder convict McFarland. McFarland had filed his first real petition for habeas corpus at 5:30 p.m. that day in federal district court. Earlier on Tuesday, this court had affirmed the district court's refusal to stay McFarland's execution *before* he had filed a federal petition for habeas corpus. *See McFarland v. Collins,* 7 F.3d 47, 48–49, (5th Cir.1993) (per curiam), stay granted pending disposition of petition for certiorari, *McFarland v. Collins,* —— U.S. ——, 114 S.Ct. 374, 126 L.Ed.2d 324 (1993).

McFarland's petition principally raises issues concerning the state trial court's admission of hypnotically refreshed testimony of a witness. He contends that that evidence violated his sixth amendment confrontation rights, his right to effective assistance of counsel, and due process of law. The application for certificate of probable cause in this court states that McFarland's petition was prepared on October 25, 1993, by attorneys for the Texas Resource Center.[1]

---

1. In fact, all of McFarland's "pro se" filings were clearly prepared by the Texas Resource Center.

Further, since the habeas petition was prepared on October 25, the Resource Center could have

The district court denied relief, holding that as McFarland had not exhausted state remedies on his claim, the court could not entertain it. *See Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). The district court also denied a certificate of probable cause to appeal, concluding that McFarland had not presented a substantial showing of the denial of a federal right. *See Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983).

McFarland sought a stay of execution from this court so that we may consider at leisure his appeal of the denial of relief. I would not grant an unlimited stay for two reasons. First, I agree with Judge McBryde's determination that the Supreme Court's standard for granting a stay has not been met. Only matters of law are presented by the petition and application for certificate of probable cause. As the district court noted, McFarland never raised his constitutional claims in state court and has not exhausted them.[2]

Second, while the state did not oppose a stay after McFarland filed his habeas petition, it requested the stay be effective only until 8:00 a.m. on October 27 so that the convicting court may, if it wishes, set another execution date. Unlike my colleagues, I would have agreed to a stay in the interest of justice only on this limited basis. Contrary to the representation of counsel for the Texas Resource Center, this case became a manufactured procedural emergency long before it reached federal court. It now deserves expedited treatment.

The Resource Center was apparently coordinating with McFarland in January 1993

even before the petition for certiorari was filed by his original attorney. The Center obtained new counsel for McFarland apparently for the limited purpose of filing a petition for certiorari. Two months after certiorari was denied, in August 1993, the state court set an execution date of September 23, 1993. Waiting until the last minute, the Resource Center wrote to the state trial judge on September 19 requesting a 120–day extension of time to locate new counsel for McFarland. The Resource Center never filed a state habeas petition. The trial court rescheduled the execution for 34 days later but eventually refused to grant a stay without a habeas petition on file. The state Court of Criminal Appeals affirmed this decision, and our first opinion refused to disturb this result.

The state of Texas has offered throughout state and federal proceedings *not to oppose* a stay to permit adequate development of his claims *if* McFarland would file a habeas petition. Why the Resource Center never chose to invoke this eminently reasonable option either in state or federal court until 5:45 p.m. on the eve of execution is a complete mystery to me. It is also a mystery to me why the first real habeas petition on the merits was filed in federal court rather than state court. Competent litigators in any other area of practice would have reviewed their options when the execution date was set in August and would have begun preparing a habeas petition well before the eleventh hour.[3] Given the state's offer, there was no legitimate basis for the brinkmanship that has occurred here.

---

eased the time pressure on the federal courts examining its client's petition by simply filing the habeas petition once it was prepared.

**2.** In this court, the state agreed to waive exhaustion on the one issue of hypnotically refreshed testimony. The State of Texas has not, of course, conceded any ground of constitutional error, and has raised a serious possibility of procedural bar on that issue.

**3.** In fact, it is evident from the record before us that the well-staffed Resource Center *did* evaluate McFarland's options closely at that time. Its counsel have not denied that they rejected the

state's longstanding offer, supported by affidavits, of a consensual stay upon the filing of a habeas petition for McFarland. Further, as the district court noted, McFarland executed his *in forma pauperis* affidavit on September 21, 1993—before the first execution date and well before it was filed with his petition in federal court on October 26. Finally, the Resource Center has in several recent cases used exactly the same tactics—declining to file habeas petitions while trying, at the last minute, to press state and federal courts to grant stays under the pretext of unavailability of counsel. *See, e.g., Gosch v. Collins*, No. SA–93–CA–731, 1993 WL 484624 (W.D.Tex. Sept. 16, 1993).

McFarland deserves a fair shake from the court system. It is up to him, however, assisted by the Texas Resource Center, to pose his issues timely and in a manner suitable for reasoned judicial attention. The state proposed a framework in which that could be done. This framework would have assisted the Resource Center's efforts to obtain outside counsel, if they needed it.[4] McFarland and his counsel, the Resource Center, have intransigently resisted that framework.

As we now have before us an appeal that does not pose difficult issues of law, I would urge that we decide it expeditiously. A stay of more than nine hours duration was unnecessary for our purposes. I respectfully dissent.

---

4. The Resource Center operates "primarily" through a $3 million annual federal grant and has 16 lawyers on staff. *See* Christy Hoppe, "Center Sees Crisis in Shortage of Public Defenders for Death Row," *Dallas Morning News,* October 27, 1993. Nevertheless, the Resource Center has asserted throughout the McFarland collateral proceedings that it is not equipped to "represent" him. From an ethical standpoint, it is hard to see how the Resource Center can avoid its duties as counsel when it has been intimately involved in this case since before August, 1993, and has submitted numerous letters and "pro se" pleadings on his behalf in state and federal courts and in the U.S. Supreme Court.