IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 94-10297
_____


GARY STERLING,

Petitioner-Appellant,

versus

JAMES A. COLLINS, Director,
Texas Department of Criminal Justice,
Institutional Division

Respondent-Appellee.

_____

Appeal from the United States District Court for the
Northern District of Texas
(June 22, 1995)
_____
(                    )

ON REMAND FROM THE UNITED STATES SUPREME COURT

Before JOLLY, DUHÉ, and BARKSDALE, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

In our earlier consideration of this death penalty habeas case, the petitioner sought a CPC and an order holding his unexhausted federal habeas petition in abeyance so that he could use federally appointed and paid counsel to exhaust his state postconviction claims. We denied a CPC because he failed to exhaust his postconviction claims, and we held that the petitioner had no statutory right to federally funded counsel to exhaust state remedies in state court. The Supreme Court granted a stay and

vacated[1] our prior opinion of July 1, 1994, reported at 26 F.3d 29 (5th Cir. 1994). The Court has remanded this case to us for further consideration in the light of McFarland v. Scott, ___ U.S. ___, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994). McFarland held that a capital defendant's right to federally appointed and funded counsel attaches upon the filing of a motion for appointment of counsel, notwithstanding that the defendant has not yet filed a formal federal habeas corpus petition. In accordance with the remand, we withdraw our earlier opinion and substitute the following:

### OPINION ON REMAND FROM SUPREME COURT

The basic question presented in the appeal before us is whether an indigent state death row petitioner, who has failed to exhaust state remedies, may secure federally appointed and paid counsel to exhaust state remedies.

The federal district court dismissed Gary Sterling's habeas corpus action for failure to exhaust state remedies and denied his application for a certificate of probable cause ("CPC"). Sterling asks this court for a CPC and for an order holding his federal petition in abeyance so that he may use federally funded counsel to pursue his state postconviction remedies. Because we hold that the petitioner has not exhausted his postconviction claims, we deny a CPC. Further, because we hold that he has no statutory right to

---

[1]Sterling v. Texas, ___ U.S. ___, 115 S.Ct. 503, 130 L.Ed.2d 412 (1994).

federally funded counsel to pursue his postconviction claims in state court, we deny his request for an order holding his federal petition in abeyance.

I

A Texas jury, based in part on the defendant's confession, convicted Gary Sterling of murdering his robbery victim by bashing his head with a bumper jack. Sterling v. State, 830 S.W.2d 114, 116 (Tex. Crim. App. 1992), cert. denied, ___ U.S. ___, 113 S.Ct. 816, 121 L.Ed.2d 688 (1992). The Texas jury, based in part upon evidence of Sterling's other murders and the testimony of a district attorney that he had never "run across . . . a more violent mass murderer than Gary Sterling," sentenced the defendant to death. Id. at 120.

II

Seeking relief from his death sentence, Sterling filed a motion for stay of execution and for appointment of counsel in the United States District Court for the Northern District of Texas on January 22, 1993--just a few days before his scheduled execution date. Sterling filed with this motion a petition for writ of habeas corpus raising only claims identical to those he argued on direct appeal. The federal district court granted the stay of execution and appointed federally funded counsel pursuant to 21 U.S.C. § 848(q)(4)(B).[2] Sterling then filed an amended habeas

_____

[2]This appointment of counsel statute requires the appointment of counsel for an indigent defendant challenging his death sentence

-3-

corpus petition asserting thirty-nine grounds for relief. Only five of those grounds had been addressed previously by Texas courts. The state moved to dismiss Sterling's federal habeas petition for failure to exhaust state remedies. Sterling argued that in order to allow him properly to preserve his unexhausted claims for habeas review, the federal habeas proceeding should be held in abeyance so that he could enjoy his federal statutory right to counsel while exhausting his state remedies. The district court, agreeing with the magistrate judge to whom the case was referred for recommendation, dismissed Sterling's habeas petition for failure to exhaust state remedies and denied Sterling's application for a CPC.

### III

### A

Sterling now applies to us for a CPC in order to allow an appeal from the district court's denial of his federal habeas petition. Unless we grant a CPC, we have no jurisdiction to hear an appeal from denial of habeas relief. Black v. Collins, 962 F.2d 394, 398 (5th Cir.), cert. denied, 504 U.S. 992, 112 S.Ct. 2983, 119 L.Ed.2d 601 (1992). To obtain a CPC, Sterling must make a substantial showing that he has been denied a federal right. Barefoot v. Estelle, 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77

---

in any postconviction proceeding under 28 U.S.C. § 2254 or 28 U.S.C. § 2255. We discuss this statute in more detail later in this opinion.

-4-

L.Ed.2d 1090 (1983). A fundamental prerequisite to federal habeas relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b) prior to requesting federal collateral relief. See Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) (requiring dismissal of habeas action containing both exhausted and unexhausted claims). Because Sterling has failed to exhaust all of the postconviction claims he now seeks to raise, he has asserted no cognizable right to federal habeas relief under § 2254. Consequently, we deny his application for a CPC.

B

In addition to the merits of his habeas claims, however, Sterling argues that the district court's judgment had the effect of depriving him of his federal statutory right, under 21 U.S.C. § 848(q)(4)(B), to retain his federally funded counsel in state postconviction proceedings.[3] Sterling argues that § 848(q) obligates the federal government, once he has filed a federal habeas petition, to appoint and fund counsel and that this counsel must represent him in all state and federal proceedings from this point forward.[4] Sterling accordingly asks this court to direct the

---

[3]We note that although a CPC is required for appellate review of the denial of habeas relief, no such requirement exists for appellate review of the denial of appointment of counsel under § 848(q)(4)(B). Barnard v. Collins, 13 F.3d 871, 878 n.6 (5th Cir. 1994). The same rule should apply to the retention of such counsel.

[4]We note that in Murray v. Giarratano, 492 U.S. 1, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989), the Supreme Court held that prisoners have no constitutional right to counsel in habeas proceedings.

district court to reinstate his non-cognizable federal habeas petition and to hold the federal proceeding in abeyance to allow him to use federally funded counsel to exhaust his state remedies.

Because this appeal arose before the Supreme Court's decision in McFarland v. Scott, ___ U.S. ___, ___, 114 S.Ct. 2568, 2570, 129 L.Ed.2d 666 (1994), implicit in petitioner's argument was the assumption that the filing of a federal habeas petition was required to invoke the jurisdiction of the district court for purposes of appointing counsel under 21 U.S.C. § 848(q)(4)(B). In McFarland, however, the Supreme Court clarified this misunderstanding and held that § 848(q)(4)(B) established a right to federally funded legal assistance in the preparation of the federal habeas corpus application. McFarland, 114 S.Ct. at 2572. Thus, the Court concluded that a "'post conviction proceeding' within the meaning of § 848(q)(4)(B) is commenced by the filing of a death row defendant's motion requesting the appointment of counsel for his federal habeas corpus proceeding."[5] Id. at 2572-73.

In order to understand McFarland's application to this case, we need to reiterate the procedural background of this case in the district court. Upon Sterling's filing of his original federal

---

Accordingly, our task is confined to statutory interpretation.

[5]The Court further held that once the defendant invokes his right to appointment of counsel, a district court has jurisdiction to enter a stay of execution where necessary to give effect to this right. Id. at 2574.

habeas petition, the district court then appointed his federally paid counsel.  Thus, even before McFarland, the district court asserted jurisdiction to appoint this federally funded counsel to represent Sterling.  Sterling's federally paid counsel, however, then filed an amended federal habeas petition, which contained numerous unexhausted claims.  As referred to earlier, 28 U.S.C. § 2254(b) provides that an application for a writ of habeas corpus "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b).  The district court must also dismiss a mixed petition, such as Sterling's petition, containing both exhausted and unexhausted claims.  Rose v. Lundy, 455 U.S. 509, 510, 102 S.Ct. 1198, 1199, 71 L.Ed.2d 379 (1982).  Accordingly, the district court was correct in dismissing Sterling's amended federal petition for failing to exhaust his state remedies as required in § 2254, and the district court did not err in refusing to hold in abeyance a petition over which it simply and plainly had no jurisdiction. See Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55, 115 L.Ed.2d 640 (1991) ("This Court has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims.").  Sterling cannot be allowed to use the federal district court merely as a jurisdictional parking lot so that he may somehow attach a right to federally paid counsel to a non-cognizable pleading.  Our task now, however, is to determine

whether, under McFarland, Sterling's appointment of counsel survives the dismissal of his federal habeas petition.

C

To make this determination, we first set out the provisions of the statute that are the foci of Sterling's claim. In pertinent part, 21 U.S.C. § 848(q)(4)(B) provides:

> In any post conviction proceeding under section 2254 or 2255 of Title 28, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation ... shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with paragraph[] ... (8)....

21 U.S.C. § 848(q)(4)(B). Section 848(q)(4)(B) seems to require that federally appointed and paid counsel can only be provided in federal habeas proceedings brought pursuant to 28 U.S.C. § 2254 or 28 U.S.C. § 2255. However, Section 21 U.S.C. § 848(q)(8) provides:

> [E]ach attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, ... competency proceedings and proceedings for executive or other clemency ....

§ 21 U.S.C. § 848(q)(8).[6] Thus, once an attorney is appointed pursuant to § 848(q)(4)(B), § 848(q)(8) provides that the attorney's appointment continues "throughout every subsequent stage of available judicial proceedings." In sum, the statute would seem

---

[6] 21 U.S.C. § 848(q)(10) authorizes the payment of fees to attorneys appointed under § 848(q)(4)(B).

to provide that counsel may be appointed to assist an indigent defendant only in federal habeas proceedings, but once appointed counsel's representation of the defendant seems to continue from this point forward, until all available postconviction proceedings have been exhausted. The question before us, therefore, is whether this statute is properly interpreted to allow federally appointed and paid counsel to exhaust remedies in state court.

Although, in our consideration of this question of statutory interpretation, it is important to examine McFarland, McFarland actually does not resolve the question for us. After McFarland was convicted of capital murder and sentenced to death, the Texas courts affirmed his conviction and sentence, and the United States Supreme Court denied certiorari. McFarland, 114 S.Ct. at 2570. McFarland then requested state appointed counsel for his state habeas corpus proceeding, but the trial court denied his request, and the Texas appellate court affirmed this ruling because he had not filed an application for writ of habeas corpus. Id. Having failed to obtain counsel in state court, McFarland filed a pro se motion with the federal district court for appointment of counsel under § 848 (q)(4)(B) and for a stay of his execution. Id. The district court denied McFarland's motion because no "post conviction proceeding" had been initiated under § 2254 or § 2255. Id. at 2471. On the night before his scheduled execution, the Fifth Circuit denied McFarland's motion for appointment of counsel and for stay of execution. Id. We held that federal courts could

only stay a state proceeding when a federal habeas corpus proceeding was pending and such proceeding was not pending when the defendant filed only a motion for appointment of counsel and stay of execution. Id. The Supreme Court granted the stay and later granted certiorari. Id.

In its subsequent opinion, the Court observed that although § 848(q)(4)(B) grants "indigent capital defendants a mandatory right to qualified legal counsel and related services '[i]n any [federal] post conviction proceeding,'" the statute does not resolve how a "post conviction proceeding" under § 2254 or § 2255 is commenced. Id. at 2571-72. Seeking an answer to this question, the Court examined § 849(q)(9), which allows the capital defendant's attorney to obtain reasonable investigative services upon approval of the court. McFarland, 114 S.Ct. at 2472. The Court reasoned that because these services may be critical in the preapplication phase of a habeas corpus proceeding, § 848(q)(4)(B) anticipates that counsel will have been appointed before the need for these services arises, and thus before the filing of the federal habeas petition. Id. In sum, the Court held that a "post conviction proceeding" within the meaning of § 848(q)(4)(B) "commences by the filing of a death row defendant's motion requesting the appointment of counsel

-10-

for this federal habeas corpus proceeding."[7]  Id. at 2472-73 (emphasis added).

In any event, McFarland is clear only for the simple proposition that upon the filing of a motion for appointment of counsel, a "post conviction proceeding" within the meaning of § 848(q)(4)(B) is initiated, entitling the capital defendant to federally funded counsel, notwithstanding that the defendant has not filed a formal federal habeas petition.  McFarland focused very narrowly only on § 848(q)(4)(B).  It did not address at all § 848(q)(8), which provides for the continued representation by the appointed attorney throughout "every subsequent stage of available judicial proceedings."  Thus, McFarland is not authority supporting Sterling's argument that counsel's appointment must continue under § 848(q)(8) when the federal habeas petition has been dismissed for lack of state exhaustion.  In sum, McFarland neither supports clearly the argument for or the argument against allowing counsel to continue his paid representation throughout exhaustion of the defendant's state remedies.[8]

---

[7]The Court additionally held that "once a capital defendant invokes his right to appointed counsel, a federal court also has jurisdiction...to enter a stay of execution."  McFarland, 114 S.Ct. at 2573.

[8]It would appear, however, to have been an empty gesture to appoint counsel to McFarland, who had not exhausted state remedies, unless counsel was intended to represent the death row petitioner in state court proceedings.  His failure to exhaust meant that his federal proceeding was, practically speaking, at its end.  The Supreme Court, however, failed to address the consequences of this fact.

D

Now, having dismissed <u>McFarland</u> as controlling of this case, we are still left to determine whether § 848(q)(8) is properly interpreted to allow Sterling's federally appointed and paid counsel to continue his representation for the purpose of exhausting state remedies in state court. We once again turn to the statute.

Section 848(q), providing for appointment of counsel in death penalty cases, is found in the Anti-Drug Abuse Act of 1988. 21 U.S.C. § 848(q). No House or Senate reports or other expression of legislative intent in drafting this provision were submitted with this legislation. <u>See</u> Act of October 21, 1988, Pub. L. No. 100-690, 1988 U.S.C.C.A.N. (102 Stat.) 4181. Generally § 848 deals with drug abuse prevention and control. Its essence is to impose punishment of either life imprisonment or death for engaging in a continuing criminal enterprise in violation of federal drug laws. After establishing the elements of the law and the penalties for violating the law, the statute proceeds to set out the procedures for imposing the death penalty in federal criminal cases, and includes sections relating to hearings, proof, findings, imposition of sentence, and mitigating and aggravating factors.

Section 848(q) is entitled "Appeal in capital cases; counsel for financially unable defendants." This section seems primarily directed to appeals of death penalty sentences in federal drug-related cases; indeed § 848(q)(1)-(4)(A) are explicitly directed

only to cases in which a death sentence is imposed under federal law. Furthermore, although compatible to postconviction cases, certain language of § 848(q)(5)-(10) is more suggestive of federal criminal cases than habeas cases.

Section 848(q)(4)(B), however, does relate exclusively to postconviction proceedings under 28 U.S.C. § 2254 and 28 U.S.C. § 2255. Furthermore, it expressly refers to subsequent § 848(q)(5)-(9) as applicable to such postconviction proceedings. Section 848(q)(4)(B) provides for appointment of counsel only in proceedings under federal law. Because the sections preceding and following § 848(q)(4)(B) are couched in language relating more directly to federal criminal trials and appeals, than to habeas cases seeking relief from state court sentences, § 848(q)(4)(B) seems awkwardly misplaced in this particular statute--indeed almost like a statutory afterthought as far as its appearance in § 848(q) is concerned.

Finally, we come to the section that petitioner relies most heavily upon--§ 848(q)(8)--that provides that unless appointed counsel is replaced, each attorney appointed under this statute

> shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, ... competency proceedings and proceedings for executive or other clemency ....

21 U.S.C. § 848(q)(8). We must acknowledge that a colorable argument can be made that this subsection is broad enough to admit

-13-

an interpretation that once an attorney is appointed for any purpose, the right to counsel so appointed does not terminate until either the petitioner is executed or the death sentence is not only set aside to be retried, but is in fact resolved by revocation. On the other hand, considered in context of § 848(q) as a whole, we find more persuasive the argument that § 848(q)(8) must be read in the light of § 848(q)(4)(B), which provides that the right to counsel applies only in connection with federal proceedings. The fact that a cognizable federal habeas proceeding can be brought at all assumes that the state proceedings have been concluded. In this light, the words of § 848(q)(8), "shall represent the defendant throughout every <u>subsequent</u> stage of available judicial proceedings," is more reasonably interpreted as subsequent to the completion of the state court proceedings.

There are other reasons that prompt us to reject a broad reading of § 848(q)(8). Among those is that, given that the statute for appointment of counsel in postconviction proceedings appears as somewhat of a statutory step-child in § 848(q), we are reluctant to say that § 848(q)(8) should be read to express congressional intent for so sweeping an idea that the federal government will pay attorneys for a state defendant to pursue state remedies in state courts. Our reluctance would seem especially justified since the costs of federally funded attorneys would increase the cost of implementing the statute enormously inasmuch

-14-

as it is in the state court proceedings that most of the litigation is conducted.

Congress is usually more express in its intent when it decides to fund a project. Indeed, the Texas Resource Center, which assisted Sterling in obtaining his federally appointed counsel, operates "primarily through a $3 million annual federal grant and has 16 lawyers on staff," McFarland v. Collins, 8 F.3d 258, 260 n.4 (5th Cir. 1993) (Jones, J., dissenting). Seemingly, this generous federal funding and adequate staffing would give the Resource Center the financial and functional capabilities either to represent or to assist in representing Sterling in his state postconviction proceedings. Additionally, Article 1.051 of Texas Code of Criminal Procedure provides that an eligible indigent defendant is entitled to have the trial court appoint counsel in "a habeas corpus proceeding if the court concludes that the interests of justice require representation." TEX. CODE CRIM. P. art. 1.051 (West Supp. 1995).

Additionally, we should at least observe that principles of federalism are involved. It would seem indelicate on our part, absent an express intent on the part of Congress, to permit intrusion into the state judicial process by having lawyers who are practicing before state courts, representing state court defendants and petitioners pursuant to state court rules, to have their qualifications set by federal statute (21 U.S.C. § 848(q)(5),(6)) and to be answerable, at least in part, to federal judges for their

-15-

conduct.  Counsel who are appointed and qualified and whose pay is approved by federal judges are ultimately controlled by and responsible to federal courts.  It is not too difficult to see that the hand of the federal court may well find its way further into state court proceedings and the independence of state courts unnecessarily interfered with and compromised thereby.

Finally, although no circuit court has decided this precise issue since the Supreme Court's decision in McFarland, our holding is in line with other circuit authority decided before McFarland. McFarland does not change the backdrop against which these cases were decided.  In In re Lindsey, 875 F.2d 1502 (11th Cir. 1989), the Eleventh Circuit held that assuming the defendant had a right to federally appointed counsel under § 848(q)(4)(B),[9] § 848(q)(8) nevertheless did not encompass "any proceedings convened under the authority of a State."  In re Lindsey, 875 F.2d at 1506; see Hill v. Lockhart, 992 F.2d 801, 803 (8th Cir. 1993)(agreeing with analysis of In re Lindsey).  We agree with the court's reasoning that allowing the defendant to obtain federally appointed counsel for use in state postconviction habeas proceedings would "have the

---

[9]The court first held that a death-row inmate is not entitled to federally appointed counsel until he files a formal habeas petition.  In re Lindsey, 875 F.2d at 1506.  Although we recognize that this holding is not in line with McFarland, this does not tarnish the second portion of the court's opinion that assumes the defendant is entitled to federally appointed counsel, but concludes that this federally paid counsel was not intended to exhaust state remedies in state court.  Id.

-16-

practical effect of supplanting state-court systems for the appointment of counsel in collateral review cases." Id.

In short, we hold that Sterling has no right to appointed and paid counsel under § 848(q)(4)(B) for the purpose of exhausting his state postconviction claims. Once the federal court clearly has jurisdiction and all exhaustion has been completed, Sterling can refile his federal petition and then properly invoke his right to federally paid counsel for "every subsequent stage of available judicial proceedings"--a term we find unnecessary to define further in these proceedings.

IV

In conclusion, we hold that the district court properly appointed counsel for purposes of the federal proceeding, including this appeal, and, consequently, REMAND this case to the district court to determine his compensation in accordance with § 848(q). Because we have noted that a CPC is not required for appeal with respect to the issues concerning § 848(q), we AFFIRM the district court's decision not to hold Sterling's federal petition in abeyance so that he could use federally funded counsel to pursue his unexhausted state remedies. We further hold that Sterling makes no substantial showing that he has been denied a federal right and thus deny a CPC, and DISMISS that part of the appeal. Finally, we hold that § 848(q) does not permit the appointment of counsel to continue beyond the termination of this federal proceeding.

AFFIRMED in part; DISMISSED in part; and REMANDED.