**DEATH ROW PRISONERS OF PENNSYLVANIA, including, Michael Rainey, James Smith, Tyronne Moore, George Edwards, Scott Blystone and Roland Steele, for themselves and all other Pennsylvania Death Row Prisoners who are similarly situated,**

v.

**Thomas RIDGE, individually and in his official capacity as Governor of the Commonwealth of Pennsylvania; Thomas Corbett, individually and in his official capacity as Attorney General of the Commonwealth of Pennsylvania; Martin Horn, individually and in his official capacity as Commissioner of the Department of Corrections of the Commonwealth of Pennsylvania, and Other Employees and Officers of the Commonwealth of Pennsylvania Whose Identities are Presently not Known.**

**Civil Action No. 96–3179.**

United States District Court,
E.D. Pennsylvania.

Oct. 24, 1996.

---

## MEMORANDUM

PADOVA, District Judge.

Plaintiffs, death row prisoners in the Commonwealth of Pennsylvania, filed this action against sundry Commonwealth officials, seeking a declaratory judgement that the Commonwealth of Pennsylvania is not an "opt-in" jurisdiction as that term is used and understood in the context of the Habeas Corpus provisions of the recently enacted Antiterrorism and Effective Death Penalty Act, 1996. Pub.L. No. 104–132, 110 Stat. 1214 (1996) (the "Act"). The named Defendants in this suit are Governor Thomas Ridge, Attorney General Thomas Corbett, and Commissioner Martin Horn of the Pennsylvania Department of Corrections ("Defendants"). Each Defendant is sued in both his official capacity and his individual capacity.

In addition to the Complaint seeking relief in connection with the Habeas Corpus provisions of the Act, Plaintiffs filed a motion for the appointment of federal habeas counsel pursuant to 21 U.S.C.A. § 848(q)(4)(B) of the Drug Abuse and Prevention Act §§ 801–971 (West 1972 and Supp.1996) and an accompanying Motion for Subclass Certification to pursue the same.[1] For the reasons that follow, Plaintiffs' Motion for the Appointment of Counsel is denied as to the named Plaintiffs.[2]

## I. DISCUSSION

Plaintiffs argue that they are entitled to appointment of counsel pursuant to

---

1. Plaintiffs' counsel stated at the case management conference that their request for appointment of federal habeas counsel pursuant to § 848(q)(4)(B) is a free-standing request to be considered separately from the rest of the Complaint. Tr. Oral Argument 5/1/96, at 15; *see also* Pls.' Mem. at 52.

2. The Court, therefore, never reaches the question of Subclass Certification. Defendants oppose Plaintiffs' Motion and have briefed the matter accordingly. The Court observes that the Defendants lack standing to object· to the appointment of counsel. That is a matter between Plaintiffs, the Court and their prospective lawyers. As to that, the Defendants are strangers, and indeed, it is inappropriate for them to seek to stand in the way of that appointment. Further, since any lawyers who might be appointed to represent Plaintiffs would be paid for out of the coffers of the United States of America, and would in no way partake of the public fisc of the Commonwealth of Pennsylvania, there is no economic standing either.

§ 848(q)(4)(B) which provides, in relevant part that,

> [i]n any post-conviction proceeding under section 2254 or 2255 of Title 28, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with [the paragraphs that follow].

21 U.S.C.A. § 848(q)(4)(B) (West 1996).

Plaintiffs rely on the Supreme Court's decision in *McFarland v. Scott,* 512 U.S. 849, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994), where a Texas trial court set an execution date for petitioner after the Supreme Court denied *certiorari* on his direct appeal. *Id.* at 851–52, 114 S.Ct. at 2570. Shortly before his execution date, the prisoner filed a *pro se* motion requesting that the trial court stay his execution date and appoint counsel for his state habeas corpus proceeding. *Id.* The trial court postponed the execution date by a month, but declined to appoint counsel. *Id.* The petitioner then filed a *pro se* motion with the state appellate court requesting a stay and a remand for appointment of counsel, which was denied. *Id.* Petitioner then filed a motion in federal district court, stating that he wished to challenge his conviction under § 2254, requesting appointment of counsel under § 848(q)(4)(B), and seeking a stay to allow counsel time to prepare and file a federal habeas petition. *Id.*

The district court denied the motion for counsel and a stay. The Court found that because no federal habeas petition had been filed, it did not have the authority under § 848 to appoint counsel or to grant a stay under 28 U.S.C. § 2251. *McFarland,* 512 U.S. at 853–54, 114 S.Ct. at 2571. On appeal, the Supreme Court held that under § 848(q)(4)(B), a capital prisoner is entitled to the appointment of habeas counsel "prior to the filing of a formal, legally sufficient habeas corpus petition.... Congress thus established a right to preapplication legal assistance for capital defendants in federal habeas proceedings." *Id.* at 855, 114 S.Ct. at

2572. Moreover, once the motion for appointment of counsel has been filed, the district court has the authority and discretion to grant a stay. *Id.* at 857, 114 S.Ct. at 2573.

Plaintiffs in the instant action contend that they do not seek appointment of counsel to prepare and conduct state post-conviction proceedings, a course of action foreclosed in *Sterling v. Scott,* 57 F.3d 451, 458 (5th Cir. 1995). Rather, Plaintiffs contend that they would like federal counsel to prepare federal habeas petitions on their behalf. Plaintiffs acknowledge that they will have to obtain separate counsel for state post-conviction proceedings from other sources and that the efforts of state and federal counsel may parallel each other.

Nevertheless, Plaintiffs contend that *McFarland* holds that they have a right to appointment of federal habeas counsel now. Specifically, Plaintiffs point to the language in *McFarland* which states that "a '[federal] post conviction proceeding' within the meaning of § 848(q)(4)(B) is commenced by the filing of a death row defendant's motion requesting the appointment of counsel for his 'federal habeas corpus proceeding.'" 512 U.S. at 856–57, 114 S.Ct. at 2572–73.

I am somewhat troubled, however, by Plaintiffs' broad reading of *McFarland,* as it implies that once a prisoner is sentenced to death by a state trial court, a district court must grant that prisoner's petition for counsel under § 848(q)(4)(B) whenever he makes the appropriate motion, even if that prisoner is far from filing a federal habeas petition. True, *McFarland* put to rest the notion that a petitioner must file a habeas petition before his § 848(q)(4)(B) right to counsel attaches. Nonetheless, *McFarland* should not be read to support the proposition that a would-be habeas petitioner is entitled to § 848(q)(4)(B) counsel at any time, no matter how remote his habeas action may be.

*McFarland* clearly states that the right to counsel attaches at some instant before the formal filing of a habeas petition. A determination of just how far before is a matter of

first impression in this Circuit to which I turn now.[3]

The Supreme Court predicated its *McFarland* holding on the notion that "[t]he services of investigators and other experts may be critical in the preapplication phase of a habeas corpus proceeding, when possible claims and factual bases are researched and identified." 512 U.S. at 855, 114 S.Ct. at 2572.

■ The need for those expert services certainly arises when a prisoner has exhausted his state court remedies and the Great Writ remains his last available legal avenue.[4] Thus, a *per se* entitlement to counsel under § 848 obtains at the instant when the prisoner has exhausted his state court remedies.

■ It is also quite possible that, in exceptional circumstances, the prisoner will require the expert assistance discussed in *McFarland* even *before* he has exhausted his state court remedies. *McFarland* itself is an excellent illustration of such exceptional circumstances. Although the petitioner in *McFarland* had not yet exhausted his state remedies, he would not have lived to do so, thereby frustrating the federal habeas review to which he was entitled. The dispositive question with respect to "exceptional circumstances" is whether or not there is an immediate need for habeas counsel even though there has not been exhaustion. Such a determination must be made within the context of the legislative scheme arising from the Drug Abuse Prevention and Control Act, the

Anti–Terrorism Act and the reasoning in *McFarland*. That is, in return for the speedy resolution of habeas claims and the elimination of endless appeals, the death row prisoner receives a fully counseled, properly investigated and expertly prepared first federal habeas petition.

In taking this position, the Court is in line with a sister district court which, faced with the same request, noted that: "appointment of counsel to assist an inmate in preparing a habeas corpus petition before he has exhausted his state remedies might be warranted in exceptional circumstances" *U.S. ex rel. Whitehead v. Page*, 914 F.Supp. 1541, 1543 (N.D.Ill.1995) (citing *In re Lindsey*, 875 F.2d 1502, 1506 (11th Cir.1989)).

■ The instant Complaint fails to allege that the Plaintiffs in this action have exhausted their state remedies or are even close thereto. In fact, the Complaint specifically acknowledges that Plaintiffs have not done so: "it is possible and even likely that in most cases federal counsel will wait to file petition until after all state remedies have been exhausted." (Pls.' Mem. Opp'n Mot. Dismiss at 55). The Complaint does allege that the prisoners have had their sentences and convictions affirmed on "direct review" by the Pennsylvania Supreme Court. Affirmation on direct review, however, does not constitute an exhaustion of state remedies in Pennsylvania. In this Commonwealth, even after direct review, a prisoner still has state court remedies.[5]

---

3. The Third Circuit analyzed the implications of *McFarland* in *Duffey v. Lehman*, No. Civ.A. 96–9003, 1996 WL 13154 (3rd Cir. Jan. 16, 1996). As that opinion was vacated on grant of rehearing *en banc* and then dismissed as factually moot, 84 F.3d 668 (3rd Cir.1996), the court cannot rely on *Duffey* to assist in the resolution of this claim.

4. The Supreme Court of the United States "has long held that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." *Sterling*, 57 F.3d at 454 (quoting *Coleman v. Thompson*, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554–55, 115 L.Ed.2d 640 (1991)); *See Walker v. Vaughn*, 53 F.3d 609, 614 (3d Cir.1995) (remarking "we return to basic principles.... [A] habeas petition may not be granted 'unless it appears that the applicant has exhausted the remedies available in the courts of the State' ") (citation omitted). Furthermore,

the language of the new 28 U.S.C. § 2254(b)(1)(A) provides *inter alia* that an application for a writ of habeas corpus "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(c) provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

5. Even after his conviction and sentence are upheld by the Pennsylvania Supreme Court, a prisoner may bring an action collaterally attacking the judgment pursuant to the Pennsylvania Conviction Relief Act, 42 Pa.Cons.Stat.Ann. §§ 9541–9551 (West 1982 and Supp.1996) (hereinafter "PCRA"). *See, e.g., Commonwealth v. Crawley*, 541 Pa. 408, 663 A.2d 676 (1995) (Prisoner com-

Furthermore, the submissions in connection with the instant Motion fail to plead any exceptional circumstances which would warrant the appointment of habeas counsel in the absence of exhaustion.

As the named Plaintiffs have neither stated an exhaustion of state remedies, nor pled exceptional circumstances, I conclude that their request for the appointment of § 848(q)(4)(B) counsel is deficient.

Moreover, requests for counsel are fact specific and should, therefore, take the form of individualized motions. Such motions should be made within the venue in which the federal habeas petition will be filed. This will allow the district court in the specific venue to consider the effective allocation of available qualified counsel and other resources in ruling on the motion.

An appropriate Order follows.

### ORDER

**AND NOW,** this 24th day of October, 1996, upon consideration of Plaintiffs' Motion for counsel pursuant to 21 U.S.C.A. § 848(q)(4)(B) (Doc. No. 2), Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss (Doc. No. 32), Plaintiffs' Supplemental Points and Authorities in Support of Class Certification (Doc. No. 45), and Plaintiffs' Amended Motion for Class Certification (Doc. No. 49), **IT IS HEREBY ORDERED THAT:**

1. Plaintiffs' Motion for counsel under 21 U.S.C.A. § 848(q)(4)(B) is **DISMISSED WITHOUT PREJUDICE.**

2. Such motions for counsel shall be filed within the **VENUE** in which **PLAINTIFFS WILL FILE** their **HABEAS PETITIONS.**

menced PCRA action *after* the Pennsylvania Supreme Court upheld his conviction and sentence). The relevant provisions of the PCRA are as follows:
> (a) **General rule.**—To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
> > (2) That the conviction or sentence resulted from one or more of the following:

3. Plaintiff's Motion for Subclass Certification is **DISMISSED** as **MOOT.**

> (i) A violation of . . . Constitution or laws of the United States . . .

Thus, a convicted prisoner sentenced to death may bring a PCRA action collaterally attacking, on federal constitutional grounds, the basis for his conviction and sentence, thereby making it plain that such a prisoner *does* have additional remedies even after direct review by the Pennsylvania Supreme Court.