IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 94-11163
_____


DAVID WAYNE STOKER,

Petitioner-Appellant,

versus

WAYNE SCOTT, Director, Texas
Department of Criminal Justice,
Institutional Division,

Respondent-Appellee.


_____

Appeal from the United States District Court for the
Northern District of Texas
(92-CV-148)
_____
October 25, 1996

Before GARWOOD, JONES and EMILIO GARZA, Circuit Judges.[*]

GARWOOD, Circuit Judge:

Attorney Stephen Latimer (Latimer) appeals the district court's order setting attorneys' fees for his representation of David Wayne Stoker (Stoker) throughout the course of his federal habeas proceedings. We vacate and remand.

## Facts and Proceedings Below

Latimer began representing Stoker in December 1990 as a

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

volunteer and served as his counsel during state habeas proceedings, unsuccessfully challenging Stoker's Texas capital murder conviction and death sentence. On November 5, 1992, the magistrate judge appointed Latimer to represent Stoker as of July 2, 1992, the day that Stoker's federal habeas petition, which Latimer had researched and drafted, was filed with the district court. On August 31, 1992, Latimer filed a memorandum in support of the federal habeas petition, and he filed an amended petition on October 23, 1992. Latimer also prepared for an evidentiary hearing before the magistrate judge which was held on May 19 and 20 of 1993. On July 11, 1994, after Latimer had submitted post-hearing briefs and motions, the magistrate judge recommended that Stoker's requested habeas relief be denied. Latimer then filed objections to the magistrate judge's report with the district court on September 23, 1994. On October 19, 1994, the district court adopted the magistrate judge's recommendation and dismissed Stoker's petition with prejudice. A motion to alter and amend the judgment was denied on November 4, 1994.

On November 14, 1994, Latimer filed a motion for increased fees, seeking a total fee of $30,900 for 247.2 hours of work based on an hourly rate of $125.[1] In calculating the fee award, the magistrate judge deducted the hours that Latimer had spent in preparing Stoker's state habeas petition reasoning that "this Court

---

[1]    This total included 26.4 hours of in-court time and 220.8 hours of out-of-court time.

has neither an obligation nor the authority to pay Mr. Latimer for work he did while the matter was pending before the state trial court." After subtracting the time attributable to Stoker's state habeas proceedings, the magistrate judge calculated Latimer's out-of-court time to be 140.9 hours. The magistrate judge then reduced the time attributable to legal research from 80.85 hours to 40.85 hours "based upon a consideration of the amount of hours which were required by the U.S. Magistrate Judge to legally research the problems in this case." As a consequence, the magistrate judge reduced Latimer's out-of-court time from 220.8 to 100.9 hours. Latimer's court time during the course of prosecuting Stoker's federal habeas petition was 10.1 hours. Although the magistrate judge did not specify the hourly rate in his recommendation, it appears that he employed an in-court rate of $60 per hour and an out-of-court rate of $40 per hour, resulting in an award of $4,642 in attorneys' fees and expenses. The magistrate attributed $606 of this total to in-court time and $4,036 for out-of-court time.

Latimer filed objections to the magistrate judge's report on December 1, 1994. Latimer asserted in these objections that he was entitled to fees of $125 per hour for both in-court and out-of-court time for representation in a capital case, although he indicated that he did not object to reductions of 39.5 hours in out-of-court time and 16.3 hours for in-court time attributable to the preparation and prosecution of the state habeas petition. Nevertheless, Latimer asserted that he *was* entitled to additional

3

compensation for time spent *prior* to his July 2, 1992, appointment because it was "essential to the preparation and prosecution of the federal claims." Latimer also challenged the magistrate judge's reduction in billable time for research and writing from 80.85 hours to 40.85 hours. Finally, Latimer sought $75 an hour for 95 hours of work for attorney Virginia Lindsay, who had assisted him in investigation and research, for a total of $7,125. Latimer acknowledged that he had wholly omitted Lindsay's time from his application for increased fees.

On December 2, 1994, the district court overruled Latimer's objections and adopted the recommendation of the magistrate judge, approving an award of $4,642 in fees and expenses. Latimer now brings this appeal.

**Discussion**

I.  Hourly Rate

The award of attorneys' fees in a federal capital cases is governed by 21 U.S.C. § 848(q)(10) which provides:

> "(10)Notwithstanding the rates and maximum limits generally applicable to criminal cases and any other provision of law to the contrary, the court shall fix the compensation to be paid to attorneys appointed under this subsection . . . at such rates or amounts as the court determines to be reasonably necessary to carry out the requirements of paragraphs (4) through (9)."

The United States Judicial Conference has developed guidelines to aid in the application of section 848, which we note have been cited with approval by the United States Supreme Court in interpreting this section. *See In re Berger*, 111 S.Ct. 628 (1991).

4

Section 6.02(A) of these Guidelines provides "an attorney appointed to represent a defendant charged with a federal capital crime or seeking to vacate or set aside a death sentence in a proceeding under section 2254 or 2255 of title 28, U.S.C., shall be compensated at a rate and in an amount determined exclusively by the presiding judicial officer to be reasonably necessary to obtain qualified counsel to represent the defendant, without regard to CJA hourly rates or compensation maximums." *VII Guidelines For Administration of Criminal Justice Act* § 6.02(A). We note that the Guidelines further urge that counsel in capital cases be compensated "at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided," but recommend that fees be limited to an hourly rate of between $75 and $125 for both in-court and out-of-court time. *Id.* § 6.02(B).

As it appears that the magistrate judge believed himself to be constrained by the fee structure set forth in the Criminal Justice Act,[2] we vacate the district court's December 2, 1994, order and remand this matter to the district court for determination of the proper hourly rate within the parameters set forth in the Judicial Conference Guidelines.

II.  Prefiling Investigative Work and Research

Latimer, relying on *McFarland v. Scott*, 114 S.Ct. 2568 (1994),

---

[2]   *See* 18 U.S.C. § 3006A(d)(1)(setting hourly rate at $60 for in-court time and $40 for out-of-court time).

urges that he is entitled to compensation for 39.4 hours of work done prior to the filing of Stoker's federal habeas petition. Specifically, Latimer seeks compensation for 8 hours of interviews, 2.5 hours of obtaining and reviewing records, 6 hours of legal research and brief writing, and 22.9 hours of travel time. Latimer argues that this investigation and research disclosed important evidence which was essential to the preparation of Stoker's federal habeas petition. However, Latimer concedes that the information discovered during these hours was also used to advance the state habeas proceedings.

*McFarland*, upon which Latimer relies, holds that 21 U.S.C. § 848(q)(4)(B) "established a right to preapplication legal assistance for capital defendants in federal habeas corpus proceedings." *Id*. at 2572. The Court reasoned that "[t]his interpretation is the only one that gives meaning to the statute as a practical matter" in light of the need for appointed counsel and experts in order to effectively present a habeas petition. *Id*. However, this Court has held that *McFarland* addresses only the issue of timing of appointed counsel and not the scope of that appointment, and that therefore section 848(q)(4)(B) provides for the appointment of counsel *after* the conclusion of state court proceedings. *Sterling v. Scott*, 57 F.3d 451, 457 (5th Cir.), *cert. denied*, 116 S.Ct. 715 (1995). *See also In re Joiner*, 58 F.3d 143 (5th Cir. 1995)(holding inmate had no right to federally appointed counsel or experts to exhaust state remedies). As Latimer concedes

that much of this work occurred between December 1990 and July 1992 during the prosecution of the state habeas petition, these authorities dictate that Latimer is not entitled to compensation for prefiling work performed during this period.  Moreover, we do not read *McFarland* as construing section 848(q)(4)(B) to mandate, or even authorize, fees for services rendered *before* both the filing of a request in *federal court* for appointment of counsel *and* the filing of a federal habeas petition.  *See id*. at 2572-73 ("a 'post-conviction proceeding' within the meaning of section 848(q)(4)(B) is commenced by the filing of a death row defendant's motion requesting the appointment of counsel for his federal habeas corpus proceeding").  Here no motion was filed in federal court seeking appointment of (or compensation for) counsel prior to the tendering of the federal habeas petition on July 2, 1992, and hence there was no entitlement to fees for services rendered prior to that date.

With respect to Latimer's challenge to the reduction of research time included in the fee award from 80.85 hours to 40.85 hours, we will not disturb the judgment of the district court.  The magistrate judge whose recommendations were adopted is much better placed than are we to assess the amount of research required to develop federal habeas claims in a case in which he presided over the federal evidentiary hearings.  We do not find the reductions to be unreasonable.

As to Latimer's request for compensation for the work

performed by Virginia Lindsay for assistance in respect to the federal habeas proceedings, we find no error as Latimer concedes that this request was not presented in his application for increased fees nor until after the magistrate judge had rendered his report and recommendation. However, we do not preclude the court below from considering the award of such fees (to the extent they are for work on or after July 2, 1992) on remand should it, in its discretion, elect to do so.

Accordingly, the district court's order awarding fees and expenses is hereby

VACATED AND REMANDED.